# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WYNN MA, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25; and UNITE HERE!, LOCAL 26<br><br>      Defendants. | Civil Action No. 1:24-cv-10067 |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO FILE EXHIBIT 16 TO THE COMPLAINT UNDER SEAL

Plaintiff Wynn MA, LLC, doing business as Encore Boston Harbor ("Encore"), submits this Motion to Seal Exhibit 16 to the Plaintiff's Complaint to Vacate Arbitration Award (the "Complaint") filed on January 9, 2024. There is good cause to file Exhibit 16 under seal because Exhibit 16 is comprised of two still images from Encore's Surveillance Department video footage viewed at the arbitration hearing in this matter. Encore's confidential Surveillance Plan, required by 205 CMR 141.01 and approved by the Massachusetts Gaming Commission, restricts public distribution of Encore's Surveillance Department video footage and still images therefrom.

Despite the common law presumption of public access to court records, "[e]very court has supervisory power over its own records and files, and [public] access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 598 (1978). This includes circumstances where records include "business information that might harm a litigant's competitive standing." *Id.* Such decisions regarding access or impoundment are "best left to the discretion of the trial court . . . to be exercised in

light of the relevant facts and circumstances of the particular case." *Id.* at 599. Moreover, the "exceptional circumstances" provision of Local Rule 83.6.11(b)(5) applies here because public disclosure of casino security department video footage, as regulated under 205 CMR 141.00, is not in the interest of justice.

Here, sealing is appropriate. Encore seeks to protect its legitimate commercial interests, protect the privacy interests of non-parties, and maintain compliance with 205 CMR 141.00 and the confidential Surveillance Plan in place pursuant thereto; while submitting all exhibits relevant to the Complaint. <u>Exhibit 16</u> shows the grievant, after he was placed on a Suspension Pending Investigation for referring to his Black coworker as a "monkey," offering his coworker bananas. The event takes place in a busy work area and captures the images of several individuals in addition to the grievant. Thus, filing <u>Exhibit 16</u> under seal will protect the privacy of the victim and witnesses by limiting the distribution of their images captured on the Surveillance Department video footage.

Furthermore, the critical role of surveillance systems to casino security is a matter of public policy, as the Massachusetts Gaming Commission has set forth detailed regulations requiring all casinos to take significant measures to develop Surveillance Plans and protect the integrity of their surveillance systems. *See* 205 CMR 141.00. In relevant part, the confidential Surveillance Plan provides that parties to a legal dispute may review Surveillance video footage: (a) after the Surveillance Department determines that no sensitive areas of the casino would be compromised by the review; and (b) on the condition that the video must remain in the control of the Surveillance Department at all times. Pursuant to the Surveillance Plan, Encore will only provide a copy of the Surveillance video footage or photographs pursuant to a subpoena or a court order. Consistent with the Surveillance Plan, the Surveillance Department video footage

307339335v.2

was viewed by the parties and the Arbitrator at Encore during the arbitration hearing. Encore now seeks to include as an exhibit to its Complaint still images from the Surveillance Department video footage in evidence at the arbitration hearing.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Seal Exhibit 16 to the Plaintiff's Complaint to Vacate Arbitration Award.

DATED: January 9, 2024

Respectfully submitted,

WYNN MA, LLC

By Its Attorneys,

*/s/ Robert A. Fisher*
Robert A. Fisher (BBO #643797)
rfisher@seyfarth.com
Sarah B. Affel (BBO #672651)
saffel@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801