UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WYNN MA, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:24-cv-10067 ) ) |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Local 25; and UNITE HERE!, LOCAL 26, | ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 25's
ANSWER TO THE COMPLAINT**

Defendant International Brotherhood of Teamsters, Local 25 ("Local 25"), by and through undersigned counsel, hereby answers the Complaint to Vacate Arbitration Award filed by Plaintiff on or about January 9, 2024 (the "Complaint") as follows.

Except as express admitted or qualified below, Local 25 denies each and every allegation in the Complaint.

**ANSWER**

The four-paragraph prelude to the Complaint contains Plaintiff's characterization of the action. It does not contain any material factual allegations to which a response is required, since Arbitrator Garraty's Opinion and Award (the "Award") speaks for itself. To the extent that a response is required, Local 25 denies the allegations contained in the four-paragraph introduction to the Complaint.

**JURISDICTION AND VENUE**

1. Paragraph 1 contains a legal conclusion to which no response is required.

2. Paragraph 2 contains a legal conclusion to which no response is required.

3. Paragraph 3 contains a legal conclusion to which no response is required.

## PARTIES

4. Local 25 admits the allegations contained in Paragraph 4 of the Complaint.

5. Local 25 admits the allegations contained in Paragraph 5 of the Complaint.

6. Local 25 admits the allegations contained in Paragraph 6 of the Complaint.

7. Local 25 admits the allegations contained in Paragraph 7 of the Complaint.

8. Local 25 admits the allegations contained in Paragraph 8 of the Complaint.

9. Local 25 admits the allegations contained in Paragraph 9 of the Complaint.

## FACTS

**I.    THE COLLECTIVE BARGAINING AGREEMENT AND ENCORE POLICIES**

10. Local 25 admits the allegations contained in Paragraph 10 of the Complaint.

11. The collective bargaining agreement (the "Agreement") speaks for itself. Local 25 admits that the Agreement designates Local 25 as the "chief negotiator of the collective bargaining agreement and the administrator of the grievance and arbitration process," although, over time, Local 25 has taken a *significantly* more active approach regarding grievances and arbitrations for its members.

12. The Agreement speaks for itself. Local 25 admits that Plaintiff excerpted portions of Article 17.

13. The Agreement speaks for itself. Local 25 admits that Plaintiff excerpted portions of Article 19.

14. The Agreement speaks for itself. Local 25 admits that Plaintiff excerpted portions of Article 27.

15. Local 25 admits that the Agreement contains an article, Article 28, concerning "Sexual/Harassment and Workplace Violence." That article speaks for itself. To the extent that Paragraph 15 of the Complaint purports to contain additional factual allegations, those allegations are denied.

16. Article 28 of the Agreement speaks for itself.

17. Article 19 of the Agreement speaks for itself. To the extent that Paragraph 17 of the Complaint purports to contain additional factual allegations, those allegations are denied.

18. Plaintiff's Preventing Harassment and Discrimination Policy speaks for itself. To the extent that Paragraph 18 of the Complaint purports to contain additional factual allegations, those allegations are denied.

19. Plaintiff's Preventing Harassment and Discrimination Policy speaks for itself. To the extent that Paragraph 19 of the Complaint purports to contain additional factual allegations, those allegations are denied.

20. Plaintiff's "Code of Business Conduct and Ethics" speaks for itself. To the extent that Paragraph 20 of the Complaint purports to contain additional factual allegations, those allegations are denied.

21. Plaintiff's "Code of Business Conduct and Ethics" speaks for itself. To the extent that Paragraph 21 of the Complaint purports to contain additional factual allegations, those allegations are denied.

22. Plaintiff's "Personal Conduct Policy" speaks for itself. To the extent that Paragraph 22 of the Complaint purports to contain additional factual allegations, those allegations are denied.

23. Local 25 admits that Encore facilitates, and Mr. Truong attended, employee training for "Preventing Harassment and Discrimination."  To the extent that Paragraph 23 of the Complaint purports to contain additional factual allegations, those allegations are denied.

24. Local 25 admits the allegations contained in Paragraph 25.

25. Local 25 admits that the Agreement is written as Paragraph 25 suggests, such that Local 26 controls the grievance and arbitration procedure.

## II. TRUONG'S [sic] REFERS TO A COWORKERS AS A "MONKEY"

26. Local 25 admits the allegations contained in Paragraph 26 of the Complaint.

27. Local 25 admits that Truong and his Black colleague frequently engaged in friendly and competitive banter over who would book more rooms each month.  Local 25 further admits that such banter often resulted in informal bets.  Local 25 notes that Truong and his Black colleague enjoyed such a close relationship that they would drink shots together and socialize outside of work.  Local 25 admits that in poor taste, Truong used the word "monkey" in reference to his Black coworker.  Truong apologized, including at the hearing, and resolved to do better, especially since he himself, as an Asian-American man, has been the subject of the cruelty of racism.  To the extent that Paragraph 27 of the Complaint purports to contain additional factual allegations, those allegations are denied.

28. The Award speaks for itself.  Local 25 admits that two other Encore employees overheard the "monkey" comment and the arbitrator commented on related testimony in her Award.

29. Local 25 admits that Truong's Black coworker testified at arbitration that he had scheduled days off on February 19 and 20, 2023.

30. Local 25 admits the allegations contained in Paragraph 30 of the Complaint.

31. Local 25 admits the allegations contained in Paragraph 31 of the Complaint.

32. The Award speaks for itself.  Local 25 admits that Truong testified that he apologized to the victim for his comment and that he reiterated how sorry he was, once again, during his testimony.  To the extent that Paragraph 32 of the Complaint purports to contain additional factual allegations, those allegations are denied.

33. Local 25 admits the allegations contained in Paragraph 33 of the Complaint.

34. Local 25 denies the allegations contained in Paragraph 34 and notes that the arbitrator viewed the entire video, which shows Truong innocently and innocuously offer the alleged victim – a well-known and self-admitted "snacker," as adduced through non-controverted testimony, including self-admission at the hearing – some bananas so they did not spoil in his desk.  When the victim denied the offer of bananas, as the video shows, Truong simply threw them away without incident.

35. Local 25 is without sufficient information to admit or deny the allegations contained in Paragraph 35 of the Complaint and therefore the allegations are denied.

36. Local 25 admits the allegations contained in Paragraph 36 but notes the Plaintiff omits mention of various other favorable employee statements, which were submitted into evidence at arbitration.

37. Local 25 admits the allegations contained in Paragraph 37 of the Complaint.

38. Local 25 admits the allegations contained in Paragraph 38 of the Complaint.

39. Exhibit 14 speaks for itself.  Local 25 admits that Plaintiff excerpts portions of that exhibit in Paragraph 39.

III.  **ARBITRATION AND AWARD**

40. Local 25 admits the allegations contained in Paragraph 40 of the Complaint.

41. Local 25 admits the allegations contained in Paragraph 41 of the Complaint.

42. Local 25 admits the allegations contained in Paragraph 42 of the Complaint.

43. The Award speaks for itself. To the extent that Paragraph 43 of the Complaint purports to contain additional factual allegations, those allegations are denied.

44. The Award speaks for itself. To the extent that Paragraph 44 of the Complaint purports to contain additional factual allegations, those allegations are denied.

45. The Award speaks for itself. To the extent that Paragraph 45 of the Complaint purports to contain additional factual allegations, those allegations are denied.'

46. The Award speaks for itself. To the extent that Paragraph 46 of the Complaint purports to contain additional factual allegations, those allegations are denied.

47. Local 25 admits the allegations contained in Paragraph 47 of the Complaint.

### RESPONSES TO PLAINTIFF'S GROUNDS TO VACATE THE AWARD

48. In response to Paragraph 48 of the Complaint, Local 25 repeats and realleges its responses to Paragraphs 1-47 as though fully set forth herein.

49. Local 25 denies the allegations contained in Paragraph 49 of the Complaint.

50. Local 25 denies the allegations contained in Paragraph 50 of the Complaint.

51. Local 25 denies the allegations contained in Paragraph 51 of the Complaint.

### DEFENSES

Without assuming any burden aside from those imposed by law, Local 25 asserts the following affirmative and other defenses.

### First Defense

The Complaint fails to state a plausible claim for which relief can be granted.

**Second Defense**

Plaintiff's claims are barred, in whole or in part, by the principles/doctrines of unclean hands, estoppel, laches and waiver.

**Third Defense**

Plaintiffs' ability to recover is barred, in whole or in part, by their failure to mitigate damages.

**RESERVATION OF RIGHTS**

Local 25 reserves the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Local 25 denies that Plaintiff is entitled to any of the relief sought and prays for relief as follows:

1. That the Court dismiss the Complaint on the merits with prejudice; and

2. That the Court grant Local 25 its reasonable attorney's fees and such other relief that the Court deems just and proper.

Dated:  March 11, 2024                                        Respectfully submitted,

Brian P. Senier, Esq.
BBO # 712414
**Feinberg, Dumont & Brennan**
177 Milk Street, Suite 300
Boston, MA 02109
Tel.: (617) 338-1976
bps@fdb-law.com

/s/ Brian P. Senier
Attorney for Defendant,
Teamsters Local Union No. 25

## **CERTIFICATE OF SERVICE**

I, Brian P. Senier, hereby certify that this document filed through the Court's CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and copies will be sent via email to:

Robert A. Fisher, Esq.
rfisher@seyfarth.com
Sarah B. Affel, Esq.
saffel@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, Massachusetts 02210

Dated: March 11, 2024                                                                /s/ Brian P. Senier
                                                                                                        Brian P. Senier, Esq.